Hough, J.
This is an original action filed in this court by the State of Ohio, on relation of the prosecuting attorney of Scioto county, for the benefit of William Thompson and Samuel Shoemaker, claiming office as members of the board of education of Madison township rural school district under an ap *90 p ointment to fill vacancies in that board made by the county board of education of Scioto county on the 29th day of April, 1922.
The respondents, Delmar Magnet and Charles Debo, claim title to office as members of such board by reason of an alleged appointment to fill vacancies in the board made by the board of education of Madison rural school district on the 8th day of April, 1922.
The case is presented upon a petition, answer, amended reply, agreed statement of facts, certified copies of the minutes of the county board of education and of the board of education of the Madison rural school district, and oral testimony taken through the medium of depositions.
It is admitted that on or about the 15th day of December, 1921, a new rural school district, named the Minford school district, was created by the Scioto county board of education, and that by that action a part of the territory of Madison township rural school district was transferred to the new district, and that three of the members of the board of education of Madison township rural school district, namely, William Bennett, Clarence Bennett and E. Z. Allison, resided and still reside in that portion of the territory transferred from the Madison township rural school district in the creation of the Minford school district.
It is further admitted that on March 25, 1922, the Scioto county board of education appointed Edward N. Lansing to be a member of the Madison township rural school district board of education to fill one of the vacancies created by reason of the formation of the new district. Allen Stockham and Hugh *91 Spriggs were and still are members of the board of education of the Madison township rural school district, residing within that portion of the territory of the district not so transferred.
From these admitted facts, and after the action of the county board in appointing Lansing, it must further be admitted that there were three members of the board of education of Madison township rural school district, namely, Stockham, Spriggs and Lansing.
On the 8th day of April, 1922, a special meeting of the board of education of Madison township rural school district was called by the president and clerk of the board for the purpose of filling the two vacancies in that board. When the meeting was called to order by the president, there were present Stock-ham, Spriggs, Lansing, Allison and William Bennett. From the minutes of the meeting it appears that among other things a motion was made by William Bennett to appoint and elect Delmar Magnet, for the short term, and Charles Debo for the long term, to fill the vacancies in the board as petitioned for, which motion was seconded by E. A. Allison. Roll call: H. E. Spriggs, silent; E. N. Lansing, silent ; E. Z. Allison, yes; William Bennett, yes; Allen Stockham, yes.
Immediately thereafter the following appears on the minutes:
“Upon the authority of Section 15, of Reed’s Parliamentary Law the chair declares Delmar Magnet and Chas. Debo elected to fill the vacancy in said board without an opposing vote.”
From the testimony offered it appears that prior to the offering of this motion, and action thereon, *92 Spriggs and Lansing entered a protest to the effect that Allison and Bennett were not members of the board, and that for that reason any action the board took would be irregular and unlawful; and they declined to participate in the meeting. They offer that as a reason why they did not vote upon the motion.
If they were incorrect in their assertion that Allison and Bennett were not members of the-board, they would not have been justified in using obstructive tactics to prevent action on the motion; but, on the other hand, if their contention were true, and Allison and Bennett were not members of the board, they were entirely justified in refusing to participate in the transaction of business in an illegal method.
Section 1692, General Code, reads in part as follows:
“If an entire district be transferred the board of education of such district is thereby abolished or if a member of the board of education lives in a part of a school district transferred the member becomes a non-resident of the school district from which he was transferred and ceases to be a member of such board of education.”
From this plain and unequivocal language of the legislature but one conclusion can be reached, and that is that upon the creation of the special district Allison and Bennett, residing in the part of the territory transferred from the rural district, automatically ceased to be members of the board of education by operation of law and did not continue to hold office until their successors were appointed and qualified, as is usually the case.
*93 The will of the legislature pronounced in the above-quoted language furnishes a distinct exception to what may be considered the general rule. Being non-residents of the then constituted district, and divested of official title to office as members of the board of that district by the clear provisions of law, a motion propounded by one and seconded by the other could have no legal operative effect, and Spriggs and Lansing were entirely within their rights when they made the protest and declined to participate in the proceedings.
In such a case the records fail to speak the truth, and the testimony offered was not offered for the purpose of varying a public record, but was properly directed to the power, authority, and jurisdiction to conduct the proceedings.
The appointment or election of Magnet and Debo attempted in the manner aforesaid can therefore be of no avail, and the subsequent oath of office taken by them was futile. The board failed to appoint or elect or to fill the vacancies.
Subsequent to these proceedings, on the 29th day of April, the county board of education, holding this same view, appointed by appropriate action Sam Shoemaker and William Thompson, respectively, to fill the vacancies, and thereafter these two named persons took the required oath of office, this action being taken more than thirty days after the vacancies occurred.
“If the board of education in a district fails * * * to fill any vacancies in the board within a period of thirty days after such vacancies occur the county board of education of the county tó which such district belongs, upon being advised and satis *94 fied thereof, shall perform any and all of such duties or acts, in the same manner as the hoard of education by this title is authorized to perform them.” Section 7610-1, General Code.
The relator is therefore entitled to the relief prayed, and the writ of ouster will accordingly issue.

Judgment for relator.

Marshall, C. J., Wanamaker, Robinson, Matthias and Clark, JJ., concur.